[No. 11177.  Department One.  August 7, 1913.]

UNITED STATES FIDELITY & GUARANTY COMPANY,
*Respondent*, v. ZOPHAR HOWELL 3rd, *Guardian*
*of Harriet A. Ervay, Incompetent,*
*Appellant*.[1]

INSANE PERSONS—ACTIONS—SERVICE OF PROCESS—GUARDIANS—JUR-
ISDICTION.  Under Rem. & Bal. Code, § 1670, providing that in actions
against an incompetent person, process shall be served upon his
guardian, and any judgment against the ward or guardian shall be
satisfied from the property of the ward only, service of summons on
the guardian as such confers jurisdiction to enter judgment against
the estate of the ward.

SAME—ACTIONS—PLEADINGS—TITLE.  Under said section, an action
against an incompetent may be brought in form, and entitled in the
caption, against the guardian as such.

INDEMNITY—PAYMENT OF FOREIGN JUDGMENT—PRESUMPTIONS.  In
an action on a contract to indemnify the surety in a replevin bond,
the fact that the surety diligently defended an action in a foreign
court having jurisdiction, brought on the replevin bond for damages
resulting from the detention of the property, and was compelled to
satisfy the judgment therein, establishes *prima facie* that the surety
suffered damages by reason of becoming a surety on the bond; and
it is not essential that such damages be recovered in the replevin
action.

SAME—CONTRACT—CONSTRUCTION.  An agreement to reimburse a
surety in a replevin bond for any damages suffered by it in becom-
ing a surety, contemplates damages recovered against the surety in
an action on the bond for detention of the property.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered January 10, 1913, upon
findings in favor of the plaintiff, in an action on contract,
tried to the court.  Affirmed.

*S. J. White*, for appellant.

*McClure & McClure* and *Walter S. Osborn*, for respond-
ent.

[1]Reported in 134 Pac. 490.

PARKER, J.—This is an action upon a contract of indemnity, entered into between the plaintiff and Harriet A. Ervay, while she was competent to manage her own affairs, wherein she agreed to reimburse the plaintiff for any damages suffered by it in consequence of it becoming surety upon a replevin bond for her. A trial before the court without a jury resulted in findings and judgment in favor of the plaintiff, from which the defendant has appealed.

The controlling facts are not in dispute, and may be summarized as follows: In January, 1910, Harriet A. Ervay, being then of sound mind, instituted an action in the county court of Vancouver, province of British Columbia, against one Spence, to recover the possession of an automobile. In order to obtain possession of the automobile during the pendency of the action, it was necessary for her to execute, with a surety, a replevin bond in the sum of $1,800. She then applied to appellant to become her surety upon such bond, which it executed as surety, and she thereby obtained possession of the automobile. Such proceedings were thereafter had in that action that it was dismissed, and the return of the automobile to the defendant Spence adjudged. Thereupon the automobile was accordingly returned, and the costs of that action adjudged against Harriet A. Ervay were paid. The question of damages resulting to Spence from the seizure and detention of the automobile pending that action was not adjudicated therein. The replevin bond was conditioned for the payment of such damages, as well as for the return of the automobile to Spence in the event it should be so finally adjudged.

Prior to the execution of the replevin bond, Harriet A. Ervay agreed, in writing, to reimburse respondent for any and all damages and expenses of whatsoever kind that it should at any time sustain or incur in consequence of it having become surety upon the replevin bond. Thereafter, in September, 1910, Spence commenced an action in the county court of Vancouver, against Harriet A. Ervay and respond-

ent as her surety upon the replevin bond, to recover damages resulting from the seizure and detention of the automobile pending the replevin action. No jurisdiction was obtained in this damage action over Harriet A. Ervay, because she was not then in British Columbia. Jurisdiction was obtained, however, over respondent. Thereafter, in March, 1911, judgment was rendered in that action against respondent for the sum of $689 and costs. Respondent diligently and skilfully defended that action. Thereupon respondent was compelled to pay, and did pay, that judgment. Prior to the commencement of that action, Harriet A. Ervay had been adjudged incompetent to manage her own affairs, and James Brady was duly appointed guardian of her person and estate by the superior court for Snohomish county. Upon the commencement of that action in the county court of Vancouver, respondent made diligent effort to notify the guardian of the pendency thereof, and succeeded in so notifying him, about one month before the rendering of the judgment against respondent therein. Thereafter respondent presented its claim to the guardian, demanding reimbursement for the amount so paid by it in satisfaction of the judgment rendered against it, which being refused, this action followed, resulting in judgment in its favor as above stated. Thomas Brady died in April, 1912, and thereafter Zophar Howell, 3rd, was duly appointed as guardian in his stead by the superior court for Snohomish county, and substituted as defendant in this action. The county court of Vancouver is a court of record, and possessed of jurisdiction in actions at law where the amount involved does not exceed $1,000.

It is contended by counsel for appellant that the trial court did not acquire jurisdiction in this case, because Harriet A. Ervay was not personally served with summons and was not properly named as a party defendant. It is conceded that her guardian was duly served with summons. Assuming, for the moment, that the parties to this action were properly named, Was the service of the summons upon the

guardian sufficient to give the court jurisdiction to render judgment against the guardian as such, binding upon the estate of Harriet A. Ervay, the ward, that being, in substance, the form in which the judgment was rendered?

Section 1670 of Rem. & Bal. Code (P. C. 409 § 779), relating to actions against incompetent persons and their guardians as such, provides:

"No such ward shall be held to bail, or his body be taken in execution, in any civil action; and in all actions commenced against him the process shall be served upon his guardian, and in all judgments against such ward (or his guardian as such) the execution shall be against the property of the ward only, and in no case against his body, nor against that of his guardian, nor the property of said guardian, unless he shall have rendered himself liable thereunto."

This provision, we think, renders it plain that service upon the guardian is proper and sufficient service to give the court jurisdiction, and that no other or different service is required where judgment is sought and obtained as in this action.

Was it necessary to designate in the caption or title of the case Harriet A. Ervay as a defendant, or was it sufficient to designate her guardian as such, as the defendant? as was here done in the summons and complaint. We think this question must be answered in respondent's favor, in view of the provisions of § 1670 above quoted, for manifestly that section contemplates the action being prosecuted either in name against the ward, or against the guardian as such, and the rendition of judgment in an action prosecuted in either of these forms renders the judgment binding upon the estate of the ward to be satisfied therefrom. We are of the opinion that the court was not wanting in jurisdiction because of the action being brought in form against the guardian as such instead of against the ward by name.

It is further contended in behalf of appellant that neither Harriet A. Ervay nor respondent as her surety were liable upon the replevin bond for damages resulting from the detention of the automobile pending the replevin action in the

Vancouver court, since such damages were not adjudicated in that replevin action. This is but little else than a contention that the judgment in the action for damages in the Vancouver county court was erroneously rendered against respondent. Counsel's contention proceeds upon the theory that such damages must be adjudicated in the replevin action only, and invokes the presumption that the law of British Columbia upon that subject is the same as the law of this state. The answer to this contention is found in the fact that it is here established beyond controversy that the county court of Vancouver is a court having jurisdiction to render that judgment, and that respondent was compelled to satisfy the same; and further that respondent diligently and skilfully defended that action. This constituted, at least, a *prima facie* showing of the damage respondent suffered by reason of becoming surety upon the replevin bond. No proof whatever was offered in this action to overcome such *prima facie* showing.

We are clearly of the opinion that the damages which were sustained by respondent by being compelled to pay the judgment rendered by the county court of Vancouver were such as were contemplated by the indemnity agreement entered into between respondent and Harriet A. Ervay in compliance of which it became surety upon her replevin bond.

The judgment is affirmed.

MOUNT, GOSE, and CHADWICK, JJ., concur.