## ROSENBLUM v. GOMOLL et al.

No. 3151. Decided May 1, 1918. (173 Pac. 243.)

1. BILLS AND NOTES—FORFEITURE—HOLDER WITHOUT KNOWLEDGE OF USURY. Under Comp. Laws 1907, section 1241x, fixing the maximum rate of interest at 12 per cent. per annum, and section 1241x3, providing any greater sum or value taken shall be void, and section 1241x10, providing transfer without intent to violate the law shall not be construed usurious, a holder without knowledge of previous usurious transaction may recover on the note. (Page 208.)

2. USURY—FORFEITURE—PROOF—DEGREE REQUIRED. In view of the drastic character of the usury statute to declare a note forfeited for usury, the proof must be clear and convincing respecting its usurious character. (Page 209.)

Appeal from the District Court of Salt Lake County, Third District; *Hon Geo. F. Goodwin,* Judge.

Action by Ben Rosenblum against Barnard Gomoll and others in the city court of Salt Lake City, and from a judgment for plaintiff an appeal was taken to the district court.

Judgment for defendant. Plaintiff appeals.

REVERSED and remanded, with directions.

*Dan Harrington* and *J. M. Bowman* for appellant.

*Ephraim Hanson* for respondents.

CORFMAN, J.

Plaintiff brought this action to recover on a promissory note and to foreclose a chattel mortgage given as security for its payment. The note had its origin in the desire of the defend-

ant Barnard Gomoll to borrow money. As an accommodation to Gomoll the defendant B. S. Brewster, on the 15th day of February, 1916, signed a note in blank, and for the purpose of securing its payment, under date of February 16, 1916, executed a chattel mortgage on an automobile. The note was filled out for $100 by Gomoll, signed by him, and made payable "April 31, 1916," with interest at 8·per cent. per annum from date, and together with the mortgage was delivered to the defendant Alma Ash. The note was then, February 16, 1916, indorsed in blank and an assignment of the mortgage made in the name of the plaintiff, Rosenblum, by Ash. The note and mortgage were then passed by Gomoll on the same day to one W. J. Smith, who paid Gomoll $80 therefor. Afterwards, on the same day, Smith sold the note and mortgage to the plaintiff for $90. Ash was paid by Gomoll $5 for his part in the transaction. The defendants Gomoll and Ash defaulted and made no defense to the action. Brewster, by his answer, pleaded that the entire transaction was usurious, and that the plaintiff took the note with full knowledge of its usurious character. The action was begun in the city court of Salt Lake City, and from a judgment there rendered in favor of plaintiff an appeal was taken to the district court of Salt Lake County, where, after a trial to the court, the issues were found against the plaintiff. Plaintiff appeals.

Plaintiff complains of the trial court's failure to find on all the material issues; that the facts found are contrary to the evidence; and that the conclusions of law and judgment are contrary to law. The facts disclosed by the testimony are substantially as we have heretofore stated them, and the trial court so finds. Then the trial court further proceeds to find, as to the taking of the note by Smith and the sale and transfer thereof by Smith to plaintiff, as follows:

"The said note was taken by Smith at a usurious discount and the sum of $20 was kept back by Mr. Smith as interest.

"(3) That prior to the time said note was transferred to said Smith and discounted by him it had no valid and legal existence as a contract.

"(4) That on the same day on which Smith obtained the

possession of said note and before the mortgage was completed said Smith opened up negotiations with the plaintiff to take the note for the sum of $90; that the plaintiff did examine the papers and suggested that something be done with the mortgage and that he then would take the mortgage for the sum of $90; that thereafter on the very same day and within a few hours after Smith had taken the note the same was transferred to the plaintiff for the sum of $90.

"(5) That said promissory note is illegal, usurious, and void."

It is apparent that the foregoing Nos. 3 and 5 are purely conclusions of law, and therefore add nothing to the findings of the trial court. There is no evidence in the record to support, and there is no finding made by the trial court to the effect that the plaintiff had any knowledge whatever of the usurious character of the transactions leading up to the delivery of the note into the hands of Smith for a consideration of only $80. Nevertheless the trial court concludes that the plaintiff is not entitled to recover in the action from the defendant Brewster. The conclusion thus arrived at by the trial court gives rise to the question whether as a matter of law the plaintiff is precluded from a recovery on the note notwithstanding he had no knowledge of the usurious transaction out of which it holds its origin. Evidently the trial court took the view that the note was not only unenforceable in the hands of Smith, who it must be conceded was acquainted with its usurious character when he took it, but that it was absolutely void and unenforceable in the hands of the plaintiff, even though the plaintiff received the note in due course without notice of its infirmities. Indeed, the trial court took occasion to say in passing upon the issues involved (quoting from the court's written decision):

"The defendant Brewster was an accommodation maker; Ash was a dummy payee and indorser, and the note could have no validity until it was delivered to Smith, and that transfer being void, for usury, no action can be maintained by the plaintiff against Brewster, one of the makers."

The decisions bearing on the question whether a taker of accommodation paper in ignorance of its usurious inception may enforce collection are not in harmony. The question in all its phases is discussed at length in the case of *People's Bank & Trust Co.* v. *Fenwick Sanitarium,* 130 La. 723, 58 South. 523, 43 L. R. A. (N. S.) 211, Ann. Cas. 1913C, 1322, cited in respondents' brief. We do not deem it necessary to here review the authorities, for we are convinced that, under our statutes and the facts and circumstances disclosed by the record in the case at bar, the judgment of the trial court in favor of the defendant Brewster was wrong. So far as material here, Comp. Laws Utah 1907, section 1241x, provides the maximum rate of interest shall be not in excess of 12 per cent. per annum, and section 1241x3 provides that any greater sum or value taken for the loan or forbearance of any money, goods, or other things in action than is above prescribed shall be void. Section 1241x10 provides:

"The discount, sale, and transfer in the regular course of business of negotiable paper by one not the maker thereof without intent to violate this title shall not be construed as usurious."

The trial court made no finding, and, as we have heretofore pointed out, there is no testimony in the record to predicate a finding upon, to the effect that the plaintiff·had knowledge as to facts and circumstances under which the note was executed by the defendants. If the plaintiff had any guilty knowledge of the usurious character of the transactions leading up to the execution of the note, the defendant Brewster signally failed in proving it.

This court has repeatedly held, in passing upon whether a given contract may be held of a usurious character, that in view of the drastic provisions of our statute the proof must be clear and convincing respecting the usurious character of the instrument sued upon. *Cobb* v. *Hartenstein,* 47 Utah, 174, 152 Pac. 424; *Brown* v. *Johnson,* 43 Utah, 1, 134 Pac. 490, 46 L. R. A. (N. S.) 1157, Ann. Cas. 1916C, 321; *Fisher* v. *Adamson,* 47 Utah, 3, 151 Pac. 351; *Paint & Glass*

*Co.* v. *Gleason*, 42 Utah, 344, 130 Pac. 66.   In the case last above cited the court took occasion to say:

"Forfeitures, therefore, especially such as have the effect of taking property from one and giving it to another, should be enforced only when the proof is clear and convincing, if not beyond a reasonable doubt."

The plaintiff in this action purchased the defendants' note negotiable in form for a valuable consideration in due course without notice of any of its infirmities, and without any intent on his part, so far as the testimony discloses, to evade the provisions of our statute relating to usury.   We think he was clearly entitled to a judgment and decree of foreclosure as prayed for in his complaint.

It is therefore ordered that the judgment of the trial court be reversed and the cause be remanded to the district court, with directions that its findings be vacated and set aside, that findings be made and judgment and decree entered herein against each and all of the defendants in accordance with the prayer of the plaintiff's complaint.   Plaintiff to recover costs.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.